WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES C. RISENHOOVER,   )<br>                                                    )<br>         Plaintiff,                        )<br>                                                    )<br>    v.                                           )<br>                                                    )<br>JOSEPH ARPAIO,                    )<br>                                                    )<br>         Defendant.                    )<br>_____ ) | CIV 05-01893 PHX DGC (MEA)<br><br>ORDER |

Pending before the Court are Defendant's motion to dismiss (Doc. 6), renewed motion to dismiss (Doc. 13), and motion for summary disposition (Doc. 14) .

**Background**

Plaintiff filed a *pro se* civil rights complaint (Doc. 1) on June 23, 2005, alleging Defendant violated his civil rights while Plaintiff was detained at the Maricopa County Durango jail. On August 2, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights by serving him inadequate meals and spoiled food and by subjecting him to unsafe, overcrowded, and unsanitary living conditions at the jail. Doc. 3.

Defendant waived service and filed a motion to dismiss on October 11, 2005. Doc. 6. Defendant asserts the complaint must be dismissed pursuant to 42 U.S.C. § 1997e because Plaintiff failed to exhaust his administrative remedies by pursuing his claims through the Maricopa County jail inmate grievance process prior to filing his section 1983 complaint.

On October 11, 2005, Plaintiff was ordered to answer the motion to dismiss. Doc. 7. Plaintiff was warned by the Court that his failure to respond to Defendant's motion within thirty days, i.e., by November 10, 2005, could be deemed consent to the entry of

judgment against Plaintiff pursuant to Local Rule of Civil Procedure Rule 7.2. Plaintiff was released from the custody of the Maricopa County Sheriff's department prior to November 30, 2005, and has not provided the Court with a new address.

On December 7, 2005, Defendant filed another motion to dismiss the complaint. Doc. 11. On April 5, 2006, Defendant filed a motion seeking summary disposition of this matter. Doc. 13.

Plaintiff has not, as of April 5, 2006, responded to Defendant's first motion to dismiss his complaint.

## Discussion

### A. Exhaustion

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). An inmate must exhaust available remedies "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741, n.6, 121 S. Ct. 1819, 1825 n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

Exhaustion is an affirmative defense and Defendant has "the burden of raising and proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003). The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. Id. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

**B. Analysis**

Detainees complaining about the conditions encountered at a Maricopa County jail facility may pursue an administrative grievance in accordance with the process outlined in the Maricopa County Sheriff's Office Policy and Procedure manual. See Doc. 6, Exh. 1, Attach. A. Defendant asserts Plaintiff did not exhaust his administrative remedies with regard to any complaint about the living conditions at the Durango jail because he did not initiate an administrative grievance regarding any of the claims stated in his section 1983 action, nor did he advance any grievance through all of the steps of the grievance process. Id., Exh. 1.

Plaintiff acknowledges in his complaint that an administrative grievance process was available at the jail, but alleges in the complaint that the issues raised in his complaint were not grievable. Plaintiff does not aver, in response to Defendant's motion, that he has exhausted his claims or that he should be excused from exhausting his claims.

Additionally, LRCiv 7.2 provides that a party's failure to respond to a motion may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). When the Court has warned the non-moving part that their failure to respond "'shall constitute a consent'" to the granting of the motion, the Court may properly exercise its discretion to a motion based on the non-moving party's construed consent. Id. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

**Conclusion**

Defendant has presented evidence to the Court that administrative remedies were available to Plaintiff and that Plaintiff did not, in fact, pursue an administrative remedy with regard to each of the remaining claims stated in the complaint. Plaintiff makes no response to Defendant's motion to dismiss. The Court concludes that Plaintiff's complaint must be dismissed without prejudice pursuant to section 1997e because Plaintiff failed to

exhaust his administrative remedies regarding his claims prior to filing his section 1983 suit.

**THEREFORE, IT IS ORDERED THAT** Defendant's motion (Doc. 13) seeking an order on Defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendant's motion to dismiss the complaint for Plaintiff's failure to exhaust his administrative remedies (Doc. 6) is **GRANTED**.  Plaintiff's complaint is hereby **dismissed without prejudice**.

The Court having granted the initial motion to dismiss, **IT IS FURTHER ORDERED THAT** Defendant's "renewed" motion to dismiss is **DENIED** as moot.

DATED this 13th day of April, 2006.

*David G. Campbell*
United States District Judge